IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMILA CUMBERBATCH<br><br>-against-<br><br>CARIBE FUNERAL HOME,<br>ISLAND PARTY CATERING HALL,<br>NYIKA C. WILSON,<br>FELIX NORMOSIKY and<br>BORIS FILIMONOV. | **Civil Complaint for Fair Labor Standard Act Violation**<br><br>Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial:   Yes |

Plaintiff Jamila Cumberbatch ("Plaintiff Cumberbatch" or "Ms. Cumberbatch"), by and through their attorney, Tyrone A. Blackburn, upon their knowledge and belief, and as against Caribe Funeral Home (d/b/a Caribe Funeral Home), ("Defendant Corporation"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Jamila Cumberbatch is a former employee of Defendant Caribe Funeral Home (d/b/a Caribe Funeral Home). Defendant owns, operates, or controls a Funeral Home, located at 1922 Utica Avenue, Brooklyn, New York, 11234 under the name "Caribe Funeral Home".

2. Plaintiff Cumberbatch was employed as an Office Assistant at the Funeral Home located at 1922 Utica Avenue, Brooklyn, New York, 11234.

3. Plaintiff Jamila Cumberbatch is a former employee of Defendant Island Party Catering Hall (d/b/a Island Party Catering Hall). Defendant owns, operates, or controls a Party Catering Hall, located at 1914 Utica Avenue, Brooklyn, New York, 11234 under the name "Island Party Catering Hall".

4. Plaintiff Cumberbatch was employed as an Office Assistant at the Party Catering Hall located at 1914 Utica Avenue, Brooklyn, New York, 11234.

5. At all times relevant to this complaint, Plaintiff Cumberbatch worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that she worked.

6. Defendants failed to pay Plaintiff Cumberbatch appropriately for any additional overtime premium.

7. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cumberbatch to work an excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

8. Plaintiff Cumberbatch now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law § § 190 et seq. and 650 et seq. (The "NYLL"), and overtime wage orders of the New York Commissioner of Labor codified at N. Y. Comp. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Cumberbatch state law claims under 28 U.S.C. § 1367(a).

10. Venue is proper in this district under 28 U.S.C § 1391(b) and (c) because all, or a substantial portion of the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and

Defendants operate a Funeral Home located in this district. Further, Plaintiff Cumberbatch was employed by Defendants in this district.

## PARTIES

*Plaintiff*

11. Plaintiff Jamila Cumberbatch ("Plaintiff Cumberbatch" or "Ms. Cumberbatch") is an adult individual residing in Kings County, New York.
12. Plaintiff Cumberbatch was employed as an Office Assistant by Defendant Caribe Funeral Home from approximately January 2, 2019 to May 20, 2019.

*Defendants*

13. At all relevant times, Defendants own, operate, or control a Funeral Home, located at 1922 Utica Avenue, Brooklyn, New York, 11234 under the name "Caribe Funeral Home".
14. Upon information and belief, Caribe Funeral Home (d/b/a Caribe Funeral Home) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1922 Utica Avenue, Brooklyn, New York, 11234.
15. At all relevant times, Defendants own, operate, or control a Party Catering Hall, located at 1914 Utica Avenue, Brooklyn, New York, 11234 under the name "Island Party Catering Hall".
16. Upon information and belief, Island Party Catering Hall (d/b/a Island Party Catering Hall) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1914 Utica Avenue, Brooklyn, New York, 11234.
17. Defendant Nyika C. Wilson is an individual engaging (or who has engaged) in business in this judicial district during the relevant time period. Defendant Nyika C. Wilson is sued individually in her capacity as officer, owner and/or agent of Defendant Corporation. Defendant Nyika C. Wilson possesses operational control over Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Cumberbatch, and has the authority to hire and fire employees.

18. Defendant Felix Normosiky is an individual engaging (or who has engaged) in business in this judicial district during the relevant time period. Defendant Felix Normosiky is sued individually in his capacity as Manager, officer, owner and/or agent of Defendant Corporation. Defendant Felix Normosiky possesses operational control over Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cumberbatch, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19. Defendant Boris Filimonov is an individual engaging (or who has engaged) in business in this judicial district during the relevant time period. Defendant Boris Filimonov is sued individually in his capacity as Supervisor, officer, owner and/or agent of Defendant Corporation. Defendant Boris Filimonov possesses operational control over Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Cumberbatch, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**
*Defendants Constitute Joint Employers*

20. Defendants operate a Funeral Home located in Brooklyn, New York.
21. Defendants operate a Party Catering Hall located in Brooklyn, New York.
22. Individual Defendant, Nyika C. Wilson, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.
23. Individual Defendant, Felix Normosiky, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.
24. Individual Defendant, Boris Filimonov, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.
26. Each Defendant possessed substantial control over Plaintiff Cumberbatch's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Cumberbatch referred to herein.
27. Defendants jointly employed Plaintiff Cumberbatch and are Plaintiff Cumberbatch's employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.
28. In the alternative, Defendants constitute a single employer of Plaintiff Cumberbatch.
29. At all relevant times, Defendants were Plaintiff Cumberbatch employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Cumberbatch, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Cumberbatch services.

*Individual Plaintiff*

30. Plaintiff Cumberbatch is a former employee of Defendants who is employed as an Office Assistant.

*Plaintiff Jamila Cumberbatch*

31. Plaintiff Cumberbatch is employed by the Defendants from approximately January 2, 2019 to May 20, 2019.
32. Defendants employed Plaintiff Cumberbatch as an Office Assistant.
33. Plaintiff Cumberbatch's work duties required neither discretion nor independent judgment.
34. Throughout her employment with Defendants, Plaintiff Cumberbatch regularly worked in excess of forty (40) hours per week.
35. From Approximately January 2, 2019 to May 20, 2019, Plaintiff Cumberbatch worked as an Office Assistant from approximately 11:00 a.m. until on or about 8:30 p.m., Monday through Friday; and 8:00 a.m. until on or about 7:00 a.m., Saturday and Sunday, typically 97.50 hours per week.
36. Throughout her employment, Defendants paid Plaintiff Cumberbatch her wages through check or cash.

37. From approximately January 2, 2019 to May 20, 2019, Defendants paid Plaintiff Cumberbatch her regular hourly pay.
38. Plaintiff Cumberbatch pay did not vary even when she was required to start earlier or work a longer day than her usual schedule.
39. For example, Defendants required Plaintiff Cumberbatch to start work hours earlier or work longer days when there was a shortage of staff and did not pay her overtime pay for the additional time she worked.
40. Plaintiff Cumberbatch kept track of the hours she worked in a journal.
41. Notifications in the form of posted notices and written correspondences, was not given to Plaintiff Cumberbatch regarding overtime and wages under the FLSA and NYLL.
42. Defendants did not provide Plaintiff Cumberbatch an accurate statement of wages, as required by NYLL 195(3).

*Defendants' General Employment Practices*

43. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Cumberbatch to work in excess of 40 hours a week without paying her appropriate overtime compensation as required by federal and state laws.
44. Plaintiff Cumberbatch is a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she is owed for the hours she worked.
45. Defendants habitually require Plaintiff Cumberbatch to work additional hours beyond her regular shifts but did not provide her with any additional compensation.
46. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Cumberbatch worked, and to avoid paying Plaintiff Cumberbatch properly for her full hours worked.
47. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.
48. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Cumberbatch.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT-OVERTIME WAGES
### (Brought on behalf of Plaintiff)

49. Plaintiff Cumberbatch repeats and realleges all paragraphs above as though fully set forth herein.

50. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff Cumberbatch.

51. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Cumberbatch overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

52. Defendants' failure to pay Plaintiff Cumberbatch overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

53. As a result of Defendants' willful violations of the FLSA, Plaintiff Cumberbatch have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery to such amounts, liquidated damages, prejudgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW
### (Brought on behalf of Plaintiff)

54. Plaintiff Cumberbatch repeats and realleges all paragraphs above as though fully set forth herein.

55. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Cumberbatch overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

56. Defendants' failure to pay Plaintiff Cumberbatch overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

57. Plaintiff Cumberbatch is entitled to recover from Defendants her unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE TIMELY PAYMENT PROVISIONS
### OF THE NEW YORK LABOR LAW
### (Brought on behalf of Plaintiff)

58. Plaintiff Cumberbatch repeats and realleges all paragraphs above as though set forth fully herein.
59. Defendants did not pay Plaintiff Cumberbatch on a weekly basis, in violation of NYLL § 191.
60. Defendants are liable to Plaintiff Cumberbatch in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR
### (Brought on behalf of Plaintiff)

61. Plaintiff Cumberbatch repeats and realleges all paragraphs above as though fully set forth herein.
62. Defendants failed to pay Plaintiff Cumberbatch one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Cumberbatch, spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.
63. Defendants' failure to pay Plaintiff Cumberbatch an additional hour's pay for each day Plaintiff Cumberbatch spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.
64. Plaintiff Cumberbatch was damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW
### (Brought on behalf of Plaintiff)

65. Plaintiff Cumberbatch repeats and realleges all paragraphs above as though fully set forth herein.

66. Defendants failed to provide Plaintiff Cumberbatch with a written notice, in English containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL § 195(1).

67. Plaintiff Cumberbatch was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW
### (Brought on behalf of Plaintiff)

68. Plaintiff Cumberbatch repeats and realleges all paragraphs above as though fully set forth herein.

69. With each payment of wages, Defendants failed to provide Plaintiff Cumberbatch with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay as basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

70. Due to Defendants' violation of NYLL, Article 6, § 195(3), Plaintiff Cumberbatch is entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide them with accurate wage statements, or a total of five thousand dollars, and reasonable attorneys' fees and costs as provided for by NYLL, Article 6, § 198(1-d).

## JURY DEMAND

71. Plaintiff demands a trial by jury on all issues triable by a jury.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Cumberbatch respectfully requests that this Court enter judgment against Defendants by:

a) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

b) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff compensation, hours, wages, and any deductions or credits taken against wages;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff;

d) Awarding Plaintiff damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiff and liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

h) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff;

i) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff;

j) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

k) Declaring that Defendants' violations of the New York Labor Law and spread of hours wage order was willful as to Plaintiff and the FLSA Class members;

l) Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

m) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

n) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

o) Awarding Plaintiffs and the FLSA Class members pre-judgment and post judgment interest as applicable;

p) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

r) All such other and further relief as the Court deems just and proper.

_____
Tyrone A. Blackburn
T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
Tel: 347-342-7432
TBlackburn@TABlackburnlaw.com

**Attorney for Jamila Cumberbatch**